**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4002**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

BRIAN HAROLD KENNEDY,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  James C. Cacheris, Senior
District Judge.  (1:07-cr-00131-JCC-1)

_____

Submitted:  August 4, 2008        Decided:  September 5, 2008

_____

Before WILKINSON and GREGORY, Circuit Judges, and WILKINS, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Jonathan Shapiro, LAW OFFICE OF JONATHAN SHAPIRO, P.C., Fairfax,
Virginia, for Appellant.  Chuck Rosenberg, United States Attorney,
James L. Trump, Dennis M. Fitzpatrick, Assistant United States
Attorneys, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Brian Kennedy pled guilty to knowingly making a false statement in connection with an application to purchase a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2) (2000), and being a prohibited person in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(3) (2000). Kennedy was sentenced to forty months' imprisonment. He appeals, arguing the Government breached the plea agreement and that the district court erred in receiving victim impact testimony. Finding no reversible error, we affirm.

Kennedy's arrest and prosecution stemmed from tragic circumstances initiated by his son, Michael, who, after experiencing a significant decline in his mental health, stole seven of Kennedy's guns, drove to the local police station, and shot Master Officer Michael Garbarino and Detective Vicki Amel. Both officers died, and responding officers shot and killed Michael.

Subsequent to this incident, police officers obtained a warrant for the Kennedy home, where they found twenty firearms, a large quantity of ammunition, and marijuana. The police determined that, approximately fifteen months before his son's death, Kennedy had purchased a semi-automatic weapon. In order to purchase this firearm, Kennedy had to complete ATF Form 4473, in which he swore he was not an unlawful user of marijuana. According to the

statement of facts submitted with Kennedy's plea agreement, this was a false statement.

The plea agreement detailed the Sentencing Guidelines stipulations to which the parties agreed. The parties agreed Kennedy's base offense level was twenty, pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(b) (2006) ("USSG"), to be increased four levels, pursuant to USSG § 2K2.1(b)(1)(B), because Kennedy unlawfully possessed twenty firearms. The parties agreed that, while they were bound to the stipulations, the stipulations were not binding on the probation office or the court.

Prior to completion of Kennedy's presentence report ("PSR"), Kennedy's attorney wrote the Assistant United States Attorneys prosecuting the case, requesting that they "instruct any police officer or other government agent who may be contacted by the probation department . . . not to make any statement either directly or indirectly offering the view that it was foreseeable to the defendant that his son would use firearms in connection with another felony offense." The United States Attorney's Office declined counsel's request, maintaining any such instruction would be improper.

In the PSR, the probation officer applied the stipulated Guidelines, and an additional four-level enhancement, pursuant to USSG § 2K2.1(b)(6), because it was reasonably foreseeable that the

firearm Kennedy possessed would be used in connection with another felony offense ("the enhancement").

Kennedy objected to the enhancement, arguing it was not supported by the facts of the case. Although the probation officer rejected Kennedy's argument, she indicated that the court could rely upon a mental health practitioner's assessment of Michael from only days before the murders to exclude the enhancement. The Government responded that it would not pursue a sentence above the stipulated Guidelines range.

Kennedy filed a motion to strike the PSR, arguing the probation officer learned the facts supporting the enhancement from one of the detectives who worked the case, and that the detective's statement to the probation officer that the enhancement should apply constituted a breach of the plea agreement. In the alternative, Kennedy argued the enhancement should not apply as a matter of fact.

At sentencing, the district court denied the motion to strike the PSR. The district court rejected Kennedy's argument that communication between the detective and the probation officer regarding the enhancement constituted a breach of the plea agreement, and concluded it would have been improper for the prosecutors to direct the detective not to discuss certain issues with the probation officer. The district court noted Kennedy provided no authority for his position that a police officer's

- 4 -

honest responses to a probation officer can amount to a breach of a plea agreement. Despite its rejection of this argument, the district court did not apply the enhancement.

Prior to pronouncing sentence, the Government called Suzanne Garbarino, the wife of Master Officer Garbarino, to testify. Kennedy objected, arguing Officer Garbarino was not a crime victim under the Crime Victims Reform Act, 18 U.S.C.A. § 3771 (West Supp. 2008) ("CVRA"), and thus any victim impact testimony from his widow would be improper. The district court overruled the objection.

After hearing the parties' arguments as to sentencing and considering the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) sentencing factors, the district court sentenced Kennedy to forty months' imprisonment. This appeal timely followed.

Kennedy's first argument on appeal is that the detective's discussion with the probation officer regarding the applicability of the enhancement constituted a breach of the plea agreement attributable to the Government. In evaluating a claim alleging breach of a plea agreement, we review the district court's factual findings for clear error, and issues of law de novo. United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000).

Kennedy cites no authority to support his contention that discussions between the detective and the probation officer that allegedly violated the plea agreement are imputable to the

Government.  Contra United States v. Contreras, No. 96-30034, 1996 WL 747946, at *2 (9th Cir. Dec. 30, 1996) (rejecting defendant's argument that, in permitting police officers working with the United States Attorney's Office to provide the probation officer the drug evidence it had against defendant, the Government breached the plea agreement).  Thus, Kennedy's argument fails as it lacks a basis in the law.  This result is strengthened by the fact that the Government repeatedly and unequivocally indicated its position that the enhancement should not apply.  See generally United States v. Rodriguez-Delma, 456 F.3d 1246, 1251-52 (10th Cir. 2006) (finding the Government's consistent and repeated adherence to the terms of the plea agreement manifested the Government's "intent to fulfill its obligations under the plea agreement").  Kennedy's position is further undermined by the language of the plea agreement, which specifically noted the probation office was not bound by the Guidelines stipulations.  The probation office has a duty to conduct a thorough presentencing investigation, Fed. R. Crim. P. 32(c), and to hold the detective's conduct violated the plea agreement would thwart that purpose.

Kennedy next argues the district court improperly considered Mrs. Garbarino's testimony.  The CVRA defines a "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense . . . .  In the case of a crime victim who is . . . deceased, . . . family members . . . may assume

the crime victim's rights under this chapter." 18 U.S.C.A. § 3771(e). Kennedy maintains that, in rejecting the enhancement, the district court determined the murders Michael committed were not reasonably foreseeable to Kennedy; therefore, the officers were not "directly and proximately harmed" by Kennedy's criminal conduct — lying on an application to obtain a firearm and being a prohibited person in possession of firearms and ammunition — such that they would not be considered crime victims under the CVRA.

"Rulings related to admission and exclusion of evidence are addressed to the sound discretion of the trial judge and will not be reversed absent an abuse of that discretion." United States v. Stitt, 250 F.3d 878, 896 (4th Cir. 2001). A district court "abuses its discretion when it makes an error of law." Koon v. United States, 518 U.S. 81, 100 (1996). Evidentiary rulings are also subject to review for harmless error under Federal Rule of Criminal Procedure 52(a), and will be found harmless if the reviewing court can conclude, "without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997) (internal quotations and citation omitted); see also United States v. Patrick, 988 F.2d 641, 647-48 (6th Cir. 1993) ("[I]mproprieties on the part of sentencing judges are subject to review under the harmless error rule.").

Even if we assume the admission of the victim impact evidence was erroneous, the error was harmless. There is no indication in the record that the district court was "substantially swayed" by Mrs. Garbarino's testimony. Brooks, 111 F.3d at 371. The district court fully accepted the Guidelines as stipulated in the plea agreement, rejecting the enhancement, and sentenced Kennedy to forty months' imprisonment, toward the low end of the applicable Guidelines range. See USSG ch. 5, pt. A, sentencing table (sentencing range for a total offense level twenty-one and criminal history category I is thirty-seven to forty-six months' imprisonment). Moreover, because Mrs. Garbarino simply read the statement she had already submitted to the court, her testimony was cumulative.

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED